(No. 55591.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CHARLES E. CLARK, Appellee.

*Opinion filed September 17, 1982.*

Tyrone C. Fahner, Attorney General, of Springfield, and L. Patrick Power, State's Attorney, of Kankakee (Michael B. Weinstein, Michael V. Accettura, and Melbourne A. Noel, Jr., Assistant Attorneys General, of Springfield, and John X. Breslin, Deputy Director of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli and Thomas A. Lilien, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

In a stipulated bench trial in the circuit court of Kankakee County, defendant, Charles E. Clark, was convicted of the offense of possession of cannabis (Ill. Rev. Stat. 1979, ch. 56½ par. 704(d)). He was fined $300 and sentenced to 18 months' probation. The appellate court reversed the judgment and remanded for a new trial (98 Ill. App. 3d 405), and we allowed the People's petition for leave to appeal (73 Ill. 2d R. 315).

The facts are adequately stated in the appellate court opinion and will be reviewed here only to the extent necessary to discuss the issue presented. At the hearing on defendant's motion to suppress, Kankakee County Deputy Sheriff Donald Eckels testified that while on patrol he observed an automobile with only one taillight. He activated his red lights to stop it and at that time saw that

the automobile was swerving from lane to lane. When the automobile stopped, defendant was found to be the sole occupant. Eckels approached the car and asked defendant to show his driver's license. Defendant opened the automobile door and upon leaving the automobile stood next to the open door. Eckels looked into the automobile and observed a green leafy substance which he believed to be cannabis on the floor on the driver's side. He searched the vehicle and on the middle of the front seat discovered an open cigarette box containing cannabis. He then took the keys from the ignition, opened the locked glove compartment, and found three bags of a substance he believed to be cannabis. He thereupon arrested defendant, patted him down, and took him to the police station. On the way to the station defendant informed Eckels that he had two more bags of cannabis in his coat pocket which he would turn over at the station.

Defendant denied that there was any cannabis on the floor of the automobile. He admitted that there was a cigarette box containing rolled cannabis above the visor in the car. He turned over two bags of cannabis to the deputy but, except for the arrest, would not have done so.

Although the appellate court recognized the exception to the requirement for a search warrant when the officer has probable cause to believe that the automobile contains contraband (*Carroll v. United States* (1925), 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280), it found there was no showing of probable cause. Holding that the circuit court erred in denying defendant's motion to suppress all cannabis discovered in the search of defendant's automobile and the two bags of cannabis which admittedly were in his possession at the time of his arrest, the appellate court reversed the judgment and remanded for a new trial.

Relying primarily on *New York v. Belton* (1981), 453

U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860, the People contend that the search of defendant's vehicle was valid. They argue that although defendant was not arrested until after the search was completed, the search was made incident to the arrest, and that the officer was therefore permitted, contemporaneous to the arrest, to search the entire passenger area of the automobile, including the glove compartment. Alternatively they argue that the search was justified under the exception to the warrant requirement which permits a warrantless search of a vehicle where there is probable cause to believe that the vehicle contains contraband or the evidence of a crime. It is defendant's position that neither exception applies because at the time that the search was made there was neither probable cause to arrest nor probable cause to believe that the vehicle contained contraband.

On review, the ruling of the circuit court on defendant's motion to suppress should not be set aside unless it is found to be clearly erroneous. (*People v. Conner* (1979), 78 Ill. 2d 525, 532; *People v. Clay* (1973), 55 Ill. 2d 501, 505.) Although the circuit court did not state its reasons for the denial of defendant's motion to suppress, it is apparent that the court found the testimony of the officer more credible than that of defendant. We find no ground on which to reject the officer's testimony as clearly unreasonable, and thus we need only determine whether, as a matter of law, his testimony satisfies the requirements for a valid warrantless search. See *People v. DeMorrow* (1974), 59 Ill. 2d 352, 358-59; *People v. Clay* (1973), 55 Ill. 2d 501; *People v. Haskell* (1968), 41 Ill. 2d 25, 30.

It is well recognized that a warrantless search of an automobile may be permissible where the searching officer has probable cause to believe that the vehicle contains contraband. (See *United States v. Ross* (1982), 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157; *Colorado*

*v. Bannister* (1980), 449 U.S. 1, 66 L. Ed. 2d 1, 101 S. Ct. 42; *Chambers v. Maroney* (1970), 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975; *Carroll v. United States* (1925), 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280.) To establish probable cause to search it must be shown that the totality of the facts and circumstances known to the officer at the time of the search would justify a reasonable person in believing that contraband was present in the automobile. (*United States v. Ross* (1982), 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157; *Colorado v. Bannister* (1980), 449 U.S. 1, 66 L. Ed. 2d 1, 101 S. Ct. 42; *Carroll v. United States* (1925), 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280.) We believe the circuit court properly concluded that the evidence presented here supported the officer's determination of probable cause to search defendant's vehicle. There is no indication that the traffic stop was a pretext to search since there is no evidence showing that the officer's initial decision to stop defendant's vehicle was for any reason other than a traffic violation. Standing outside the vehicle, the officer observed what appeared to him to be cannabis leaves and seeds on the floor in front of the driver's seat. He found an open cigarette box containing what appeared to be cannabis in the middle of the front seat. He then took the keys out of the ignition and opened the locked glove compartment, where he found three bags of a substance he believed to be cannabis. As stated recently in *United States v. Ross* (1982), 456 U.S. 798, 824, 72 L. Ed. 2d 572, 593, 102 S. Ct. 2157, 2172:

> "The scope of a warrantless search of an automobile *** is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found."

(See also *New York v. Belton* (1981), 453 U.S. 454, 460-61 n.4, 69 L. Ed. 2d 768, 775 n.4, 101 S. Ct. 2860, 2864 n.4.) Considering the circumstances it was not unreasonable for

the officer to believe that cannabis would be found in the glove compartment, and his action in taking the keys from the ignition to unlock the glove compartment did not invalidate the search. Because we hold the officer's warrantless search of the automobile was justified by his reasonable belief that the vehicle contained cannabis, we need not consider whether the search was validly conducted incident to defendant's arrest subsequent to the search. We cannot say that the circuit court erred in denying defendant's motion to suppress the evidence.

For the reasons stated, the judgment of the appellate court is reversed, and the judgment of the circuit court of Kankakee County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*