498

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DARRELL BOWMAN, Defendant-Appellant.

Fifth District No. 5—87—0126

Opinion filed January 5, 1988.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, and Lori J. Lanciani, of State Appellate Defender's Office, of Springfield, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Matthew E. Franklin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Following a bench trial on stipulated facts, defendant, Darrell Bowman, was convicted by the circuit court of Jackson County of unlawful possession of Librium, a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b)); unlawful possession of cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 704(a)); and illegal transportation of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—502). The court sentenced him to 12 months' probation, fined him a total of $350, and ordered him to pay court costs. Defendant now appeals, and two questions are presented for our review: (1) whether the circuit court erred in denying his pretrial motion to suppress the use at trial of the Librium, which was seized during a warrantless search of the trunk of his car, and (2) whether the evidence was sufficient to find him guilty beyond a reasonable doubt of unlawful possession of cannabis. For the reasons which follow, we affirm.

On May 28, 1986, at approximately 10:20 p.m., Officers Calvin Stearns and Buddy Murphy of the Carbondale police department were monitoring traffic at the intersection of Wall and Main Streets in Carbondale. At that time they observed an automobile leave the parking lot of a nearby convenience store and gas station without its headlights turned on. The car proceeded down Main Street, and the officers followed it in their vehicle for a distance of five or six blocks. When the car's lights remained unlit, the officers directed its driver to pull over and stop.

The car was occupied by three persons. Defendant was the driver. He also owned the car. Clifton Childress was a passenger in the front seat. A woman was seated in the backseat. After the car was stopped, defendant got out. Officer Stearns asked to see his driver's license. Defendant then got back into the car and removed his wallet from the glove compartment. He took his license out of the wallet and handed it to Stearns.

While Stearns was speaking with defendant, Officer Murphy saw Childress reach into the glove compartment "as if to remove something and conceal it in his left hand." Murphy thereupon ordered Childress out of the car. As Childress emerged, Murphy noticed a bulge under his shirt. Officer Stearns then conducted a "pat down" search of Childress which revealed that the bulge was caused by an open can of beer. The search further revealed that what Childress was holding in his left hand consisted of two hand-rolled cigarettes, plus some tablets in a cellophane wrapper. The tablets proved not to be contraband, but the cigarettes contained

cannabis. In response to a question asked by Officer Stearns, Childress stated that the items he was holding were not his. At this point, both Childress and defendant were placed under arrest.

Stearns and Murphy next proceeded to search the passenger compartment of the car. During the course of this search they found another open can of beer, which was located by the front seat. They also discovered, in the glove compartment, a pipe containing what they believed to be cannabis residue.

Although the third occupant of the car was not arrested, and although there was no testimony that the car was parked illegally, Officer Stearns decided to have it towed away. Before the tow truck arrived, Stearns conducted a search of the car's trunk. He had no warrant for this search, and no consent was given for the search to be made. Officer Murphy testified at the suppression hearing that he did not know why the trunk was searched, but explained that he was merely assisting Stearns. According to Officer Stearns, probable cause existed to believe that the trunk contained contraband based upon the contraband found in the passenger compartment and the "stuff Childress had removed from the glove box."

When Stearns searched the trunk, he found a closed but unlocked briefcase. He opened it and discovered inside "a pill container containing nine capsules, mirror, rolling paper, pipe, clamp and vile [sic] containing baggies, single blade razor and short straw." Laboratory analysis subsequently showed that the nine capsules contained chlordiazepoxide, commonly known as Librium, a Schedule IV controlled substance. (See Ill. Rev. Stat. 1985, ch. 56½, par. 1210(c)(5).) Defendant was taken to the police station along with Childress, and there he was questioned by Stearns regarding the capsules. Defendant confessed that the capsules were Librium, that they were his, and that he did not have a prescription for them.

Defendant was, accordingly, charged with unlawful possession of the Librium. At the same time, he was also charged with unlawful possession of cannabis, based on the two marijuana cigarettes Childress had taken out of the glove compartment, and with illegal transportation of alcohol, based on the open containers of beer found on Childress and in the car's passenger compartment. Before trial, defendant moved to suppress the Librium capsules from evidence, arguing that the search of his car's trunk was illegal. His motion was denied. As noted at the outset of this order, he was subsequently convicted of all three charges. The court sentenced him to 12 months' probation and fined him $250 for unlawful pos-

session of the Librium. On the cannabis possession charge, he was fined $100, and on the charge of illegal transportation of alcohol, he was ordered to pay court costs. This appeal followed.

As grounds for his appeal, defendant first argues that the circuit court erred in denying his motion to suppress. The gist of his claim is that the two marijuana cigarettes which Childress removed from the glove compartment, the pipe with cannabis residue found there, and the open cans of beer discovered under Childress' shirt and by the front seat suggested "that those in possession were only casual users of [the] substances [involved]." Consequently, he asserts, the police had no probable cause to extend their search to look for additional contraband in the trunk. Because the police had no warrant to search the trunk, because no consent for that search was given, and because the State does not claim that the trunk's contents were examined as part of a valid inventory search or as an incident to the custodial arrest of defendant and Childress, defendant reasons that the search of the trunk was therefore illegal. We disagree.

■ A warrantless search of an automobile may be permissible where a police officer has probable cause to believe that the vehicle contains contraband. (*People v. Clark* (1982), 92 Ill. 2d 96, 99, 440 N.E.2d 869, 871.) The probable cause determination "must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of the police officers." (*United States v. Ross* (1982), 456 U.S. 798, 808, 72 L. Ed. 2d 572, 583, 102 S. Ct. 2157, 2164.) The process of determining the existence of probable cause has been defined by the United States Supreme Court as "a practical, common sense decision whether, given all the circumstances ***, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates* (1983), 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548, 103 S. Ct. 2317, 2332.

In this case, defendant does not deny that the police lawfully stopped the vehicle he was driving, nor does he contend that the search of either Childress or of the passenger compartment was improper. This search clearly revealed the presence of some contraband in the vehicle, including two marijuana cigarettes. Even if, *arguendo*, those two cigarettes suggested only "casual" use of marijuana, it does not necessarily follow that additional marijuana cigarettes were unlikely to be found in the vehicle. How many such cigarettes, after all, does a "casual" user smoke? Our experience with litigated drug cases teaches that such matters cannot be read-

ily quantified. There is also the matter of the pipe containing cannabis residue. Common sense suggests that when such a pipe is found along with marijuana cigarettes, there is a fair probability that additional marijuana for use in the pipe will also be present, even though the suspects may only be "casual" users.

■ Under all of the foregoing circumstances, we therefore believe that once the officers discovered the marijuana cigarettes and the pipe, they were fully justified in searching not only the entire passenger compartment, but also the trunk and any and all containers, including the briefcase, which might conceal additional contraband. (See *United States v. Loucks* (10th Cir. 1986), 806 F.2d 208, 210-11; *United States v. Burnett* (6th Cir. 1986), 791 F.2d 64, 67-68; *cf. People v. Clark* (1982), 92 Ill. 2d 96, 440 N.E.2d 869.) As the United States Supreme Court recently held,

> "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search *of every part of the vehicle* and its contents that may conceal the object of the search." (Emphasis added.) *United States v. Ross* (1982), 456 U.S. 798, 825, 72 L. Ed. 2d 572, 594, 102 S. Ct. 2157, 2173.

The second and final claim raised by defendant is that the evidence was insufficient to convict him of unlawful possession of cannabis. Specifically, defendant asserts that the State failed to prove beyond a reasonable doubt that he was in possession of the cannabis found when Childress and the car were searched. Again we disagree.

■ The question of what constitutes possession in cases such as this has been discussed many times and need not be repeated here. (See *People v. Whalen* (1986), 145 Ill. App. 3d 125, 129-33, 495 N.E.2d 122, 125-27; *People v. Turnbeaugh* (1983), 116 Ill. App. 3d 199, 205, 451 N.E.2d 1016, 1020-21; *People v. Smith* (1978), 67 Ill. App. 3d 952, 960, 385 N.E.2d 707, 713.) The record established that defendant was the owner and the driver of the car. Childress was the only passenger in the front seat. Although Childress was the one found holding the marijuana cigarettes, the evidence plainly showed that he had taken those cigarettes out of the glove compartment right after the car was stopped. The glove compartment was within defendant's reach and was the very place where defendant kept his wallet. In fact, defendant had removed his wallet from there just before Childress took the cigarettes out and hid them in his hand. In our view, these facts support an inference of knowledge and control of the cannabis by defendant sufficient to sustain his conviction. See *People v. McNeely* (1981), 99 Ill. App.

3d 1021, 1024-25, 426 N.E.2d 296, 298-99; *People v. Whalen* (1986), 145 Ill. App. 3d 125, 495 N.E.2d 122.

The judgment of the circuit court of Jackson County is affirmed.

Affirmed.

CALVO and LEWIS, JJ., concur.