THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHARLES LAWRENCE, Defendant-Appellee.

Fourth District    No. 4—88—0062

Opinion filed September 28, 1988.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle,

Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Gill M. Garman, of Sebat, Swanson, Banks, Garman & Townsley, of Danville, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant was charged with two counts of unlawful use of weapons. (Ill. Rev. Stat. 1985, ch. 38, par. 24—1(a)(7).) Defendant filed a motion to suppress evidence alleging a search of his vehicle violated his fourth amendment rights. (U.S. Const., amend. IV.) The trial court granted the motion, and the People appeal (107 Ill. 2d R. 604(a)(1)).

We reverse.

At the suppression hearing, defendant testified that on April 9, 1987, he and Douglas Pryle were sitting in his car, which was parked in Kickapoo State Park. It was approximately 9 p.m. Defendant and Pryle had bought a two-liter bottle of beer and had just taken a drink from it when defendant noticed a sheriff's car pull into the parking lot. The car shined a spotlight on defendant's car but left the parking lot. Defendant and Pryle decided to leave the park. Defendant drove one-tenth of a mile away from the park before the sheriff stopped his vehicle. Defendant testified that Deputy Kevin Rollins approached defendant's car, asked him to get out of the car, and asked to see his driver's license. After the officer checked defendant's license number, he told defendant that defendant's car had been stopped because of a defective headlight. Defendant looked at the headlight, which was unlit. The officer told defendant that if defendant did not get the headlight fixed, he would be given a ticket. The officer then asked Pryle if Pryle had alcohol or beer by his feet. Pryle and defendant indicated the bottle contained beer and gave it to the officer. The officer noted the bottle was open and told defendant to put it in the trunk. The officer told defendant he would be issued a ticket if he did not put the bottle in the trunk of the vehicle.

Defendant further stated he told the officer his trunk did not have a key and the only way he could open it was with a knife. He asked the officer if he could use a knife to open the trunk. Defendant then got a knife out of the backseat of the car, opened the trunk, and put the beer and knife into the trunk. Defendant stated that the backseat of his car contained a hunting knife, a club, a violin case, and several articles of clothing. The clothing was scattered across the backseat of the car. The club was a tire checker.

After defendant closed the trunk, the officer ordered Pryle out of

the car and told Pryle to join defendant at the back of the car. The officer then searched the car, pulled a violin case out of the car, and opened it. The violin case had been on the floor behind the driver's seat under some clothing. After opening the violin case, the officer arrested defendant.

Pryle's testimony supported defendant's testimony. Pryle added that the bottle of beer was in a sack; however, one could tell there was a bottle in the sack. The seal on the beer bottle had been broken prior to the traffic stop.

Deputy Kevin Rollins testified that he was a deputy for the Vermilion County sheriff's department. At about 9:10 p.m. on April 9, 1987, in Kickapoo State Park, he pulled into a parking area, turned around, and drove out of the parking lot. He had noticed a parked vehicle. After Rollins left the parking lot, the vehicle was started. Rollins noted that one of the headlights was out. Rollins stopped the vehicle, approaching the driver's side of it.

Rollins agreed that he informed defendant that defendant's car had been stopped because of the headlight. Defendant stated that he did not know it was out, got out of the car, and went to the front of the vehicle, where he inspected the headlight. Rollins told defendant to get back into the car and then Rollins returned to his squad car to check defendant's driver's license. While talking with defendant at the car, Rollins noticed a faint odor of alcohol, possibly beer, coming from the passenger compartment.

After he conducted a warrant and driver's license status check, Rollins returned to the driver's side window of defendant's vehicle. At that time, he saw a brown paper bag on the passenger side floorboard. He asked if he could look inside the bag, which looked as if it was wrapped around a large bottle. Rollins was able to see inside of the car because of the light from his flashlight and the spotlight of the squad car. Rollins stated that Pryle picked up the bag and handed it to defendant, who then handed it to Rollins. Inside the bag was a 64-ounce bottle of Little King's Creme Ale. The bottle was approximately three-quarters of the way full.

At that time, Rollins told defendant that he was going to receive a verbal warning for the headlight and for the alcohol which had just been opened. When defendant told Rollins they were on their way home, Rollins told defendant to put the open alcohol in the trunk of the car. Rollins further testified defendant told him there was no lock on the trunk and that he needed to use a knife or some other object to pop the trunk open. Defendant then reached into the rear seat of the car with his left hand while holding his right hand partially in the

air. He retrieved a bayonet-style army knife from the car, went to the rear of the car, and used the bayonet to pry open the trunk. Rollins stated he had not noticed the bayonet before defendant retrieved it from the car. However, he did not have any idea that defendant was going to pull a bayonet-style knife out of the car.

Rollins further testified that while defendant was opening the trunk, he shined his flashlight into the rear seat area where he observed clothing, a hunting knife, a wooden club, which was approximately 20 inches long, and a violin case on the floorboard of the vehicle. At that time, he instructed Pryle to go to the rear of the vehicle and stand with defendant. Rollins then opened the driver side door and started looking through the vehicle. Rollins pulled the knife, club, and violin case out of the car. Rollins noted the violin case was much heavier than a violin case with a violin in it should be. Rollins further stated that his reason for retrieving the knife, club, and violin case from the backseat area was so he could search the area for open alcohol and for additional weapons.

When Rollins opened the violin case, he found a Remington pump-action shotgun which was loaded with two shotgun shells in the magazine and a third shell in the breach. A loose round of ammunition was lying in the violin case. The case had been closed and latched but not locked. The violin case had been altered so that the shotgun could fit inside the case and the lid snap shut. The shotgun was short and did not have a serial number. Later, Rollins determined the shotgun had a barrel length of 13 inches and an overall length of 25½ inches. Rollins further testified that either a normal bottle of beer or a 64-ounce bottle of beer could have been concealed in the violin case. Rollins arrested defendant.

The trial court granted defendant's motion to suppress the shotgun. In granting defendant's motion, the court noted there was no probable cause to justify the search of the violin case and the seizure of the firearm. The court stated the search was conducted for no articulable reason and was not based on exigent circumstances. The court found that under the totality of the circumstances, a search of the entire vehicle for contraband was not justified.

The People argue the trial court's determination was manifestly erroneous and that probable cause existed to search defendant's vehicle for alcohol or weapons. Defendant maintains the search of a closed violin case was unwarranted because the situation presented an ordinary traffic stop.

■ Police must obtain a search warrant prior to searching a motor vehicle, unless the circumstances fall within an exception to the

warrant requirement. A search warrant need not be obtained if police have probable cause to believe that the vehicle was used in or contains evidence of a crime. (*People v. Corral* (1986), 147 Ill. App. 3d 668, 498 N.E.2d 287.) When police officers have probable cause to believe the motor vehicle contains contraband, they may, without a warrant, search any area of the vehicle or any container within it where they reasonably believe the contraband might be found. *United States v. Ross* (1982), 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157; *People v. Smith* (1983), 95 Ill. 2d 412, 447 N.E.2d 809.

■ Probable cause to search exists when considering the totality of the facts and circumstances known to the officer at the time of the search, a reasonable person would believe contraband was present in the automobile. (*People v. Clark* (1982), 92 Ill. 2d 96, 440 N.E.2d 869; *People v. Bowman* (1988), 164 Ill. App. 3d 498, 517 N.E.2d 771.) A trial court's determination should only be overturned where it is contrary to the manifest weight of the evidence. *Clark*, 92 Ill. 2d 96, 440 N.E.2d 869.

■ Stopping a vehicle for a minor traffic violation does not standing alone justify a search of the detainee's person or vehicle. (*People v. Bowen* (1987), 164 Ill. App. 3d 164, 517 N.E.2d 608.) However, where the officer reasonably believes he is dealing with a situation more serious than a routine traffic violation, the search is justified. *People v. Walls* (1979), 71 Ill. App. 3d 68, 389 N.E.2d 6, cert. denied (1980), 446 U.S. 919, 64 L. Ed. 2d 274, 100 S. Ct. 1855.

■ Defendant does not argue Rollins' initial stop of the vehicle was improper. Defendant concedes that one headlight was not operative and the automobile contained open beer. Arguably, probable cause existed at the point that Rollins observed and noted the open container of liquor in the car. (*Smith*, 95 Ill. 2d 412, 447 N.E.2d 809.) However, Rollins did not search the vehicle at that point. It was only after defendant removed a bayonet-style knife from the vehicle and Rollins had observed other weapons in plain view in the backseat of the vehicle that he searched the vehicle. Rollins stated he wanted to determine whether the vehicle contained additional weapons or alcohol.

The existence of probable cause is a commonsense determination which hinges upon what a reasonable person would believe. (*Ross*, 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157.) It was reasonable for Rollins, once he had observed that the vehicle contained some items of contraband, to believe the vehicle might contain further contraband. The trial court's determination was contrary to the manifest weight of the evidence.

We note the cases which defendant relies upon are distinguishable from the instant case. In *People v. Kelly* (1979), 76 Ill. App. 3d 80, 394 N.E.2d 739, after a routine traffic stop, the officers observed a tire tool protruding from under the driver's seat. An officer told defendant to place the tire tool in the trunk of his vehicle as it could be considered a weapon. When the driver pulled the tire tool away from the seat, a knife became visible. The police searched the vehicle. The appellate court noted the tire tool was not a weapon. Therefore, no circumstances existed which would cause the police to believe they were dealing with other than a traffic offender. In *People v. Bowen* (1987), 164 Ill. App. 3d 164, 517 N.E.2d 608, the police stopped the suspect's vehicle for a traffic violation. Based upon a rumor which they had heard about the defendant, the police searched his vehicle. In *People v. Lawson* (1978), 61 Ill. App. 3d 133, 377 N.E.2d 1280, police officers searched a passenger in a vehicle, which had been stopped for excessive speed. The appellate court determined the search was improper as the police officers had no reason to believe the passenger was armed or dangerous.

Unlike the cases defendant relies upon, here Rollins saw contraband and weapons in the vehicle. His observation gave him probable cause to believe the vehicle contained further contraband and to search it. Once probable cause existed to search the vehicle, Rollins could properly open any containers in the vehicle which could contain contraband. (*Smith*, 95 Ill. 2d 412, 447 N.E.2d 809.) An articulable reason for the search was presented and expressed at the hearing. Additionally, the trial court's finding that exigent circumstances were not present is misplaced. The mobility of the vehicle when it is believed to contain contraband provides sufficient justification for the search. *Chambers v. Maroney* (1970), 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975.

For the above reasons, we reverse the trial court.

Reversed.

KNECHT and SPITZ, JJ., concur.