NO. 4-00-0910

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellant, ) Circuit Court of

v.      ) Sangamon County

ANTHONY L. JACKSON, ) No. 00CF297

Defendant-Appellee. ) 

                      ) Honorable

) Leo J. Zappa, Jr.,

) Judge Presiding.

_______________________________________________________________

JUSTICE KNECHT delivered the opinion of the court:

Following a routine traffic stop, defendant, Anthony L. Jackson, was charged with manufacture/delivery of a controlled substance (720 ILCS 570/401(a)(2)(A) (West 2000)) and obstructing justice (720 ILCS 5/31-4(a) (West 2000)).  Following defendant's arrest, the police officer searched the engine compartment of defendant's car, where he found a plastic bag containing 48.7 grams of cocaine.  The trial court granted defendant's motion to suppress any evidence obtained during the officer's search of the engine compartment because the search was not proper as a search incident to arrest and because the facts were insufficient to support a finding of probable cause to justify the officer's warrantless search of the entire vehicle.  The State appeals.  We reverse.

I. BACKGROUND

The State and defendant stipulated to the facts as stated in the arresting officer's written report of the incident.  According to the report, on March 18, 2000, at approximately 12:20 a.m., Illinois State Police Sergeant Eric Biswell was patrolling Interstate 55 near Springfield.  Biswell viewed an "applied for" vehicle registration sticker on defendant's car.  Biswell followed defendant's car to get a closer look at the temporary registration sticker, and as Biswell approached defendant's car, defendant reduced his speed to 50 miles per hour.  Defendant's vehicle then twice drove onto the right shoulder of the roadway, crossing the solid lane line by approximately one foot.  Biswell stopped the vehicle for improper lane usage.

When Biswell approached defendant, he smelled an "odor of an alcoholic beverage" coming from the vehicle.  He asked defendant for his driver's license, proof of insurance, and documentation of registration.  Defendant told Biswell he recently purchased the vehicle and did not have insurance yet.  Defendant was also unable to present any identification.  Defendant told Biswell his name was Aaron B. Jackson and his date of birth was May 11, 1976.  Defendant was able to produce paperwork for the purchase of the vehicle.  When defendant was searching his pockets for identification, a small, clear plastic bag fell out of his pants.  Defendant said the bag was empty and he smoked cannabis every now and then.  Biswell also observed a large sum of money inside defendant's pocket.

As defendant opened the glove box to retrieve the paperwork for the purchase of the vehicle, Biswell observed a box of clear plastic sandwich bags.  The paperwork stated the name of the person who purchased the vehicle was Anthony Jackson.  Defendant told Biswell that Anthony was his cousin.  Biswell then asked defendant for his address.  Defendant hesitated for a moment, but then stated he lived in Belleville, Illinois.  Defendant hesitated again when asked for his street address, but finally stated he lived at 1516 N. 47th Street in Washington Park, Illinois.  Biswell noted the paperwork for the purchase of the vehicle showed the vehicle was purchased on March 15, 2000, in Springfield.  Defendant stated his cousin, Anthony, gave him the car to use.  

Biswell performed a computer inquiry on Aaron B. Jackson, which revealed no driver's license information.  However, the inquiry did reveal several alias names and numerous criminal charges.  A computer inquiry on Anthony Jackson also returned several alias names and criminal charges.  At this time, master sergeant Eric Echols arrived on the scene.  Biswell then informed defendant the information he provided did not indicate he possessed a valid driver's license.  Biswell asked defendant how old he was and he stated "24."  Biswell again asked for his date of birth and defendant replied, "May 11, 1974, no[,] 76."  

At this point, Biswell handcuffed defendant and informed him he (Biswell) did not believe he was providing his true identity.  Biswell told defendant neither date of birth would make him 24 years old.  Defendant then stated, "I'm Anthony and my license is revoked."  Biswell then asked defendant if he had been drinking and defendant stated he had some gin a long time ago.  

Biswell searched defendant's car and felt a wet area on the floor that "smelled of an alcoholic beverage."  Biswell also observed a "burnt suspected cannabis cigarette" in the ashtray.  As Biswell continued his search, he asked defendant if he "sold it all."  Defendant said, "Oh, you mean the bags.  Someone left those in there."  Biswell asked defendant how much money he had on him and defendant said "around $1,300."  Defendant stated he was not employed, but he received the money from a settlement from a car crash.  

Biswell then opened the hood of the vehicle and noticed a clear plastic bag containing a white powdery substance behind the windshield washer fluid reservoir and the left side firewall.  Biswell walked back to defendant and asked, "Coke, heroin, or meth?"  Defendant dropped his head and stated, "Coke."  At this point, Biswell read defendant the 
Miranda
 warnings see (
Miranda v. Arizona
, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966)) and defendant said he understood.  

Biswell placed defendant in the front seat of his squad car, at which point defendant stated, "This won't go federal because it's not crack."  Defendant continued to say he "knew how things worked" and "coke" was not as bad as "crack."  The white powdery substance field tested positive for cocaine.  Biswell searched defendant and found $1,483 in his right front pants pocket.  

Defendant was charged with manufacture/delivery of a controlled substance (720 ILCS 570/401(a)(2)(A) (West 2000)) and obstructing justice (720 ILCS 5/31-4(a) (West 2000)).  On September 27, 2000, the trial court granted defendant's motion to suppress.  The trial court ruled Biswell's search of the hood area of the vehicle, the only area where drugs were found, was impermissible as a search incident to arrest.  Further, the trial court found the probable cause exception to the warrant requirement did not apply to the facts of this case.  The trial court's order noted the "suspected cannabis cigarette" was not recovered, inventoried, or analyzed by the Illinois State Police, nor was it field tested.  Based on the totality of the circumstances, the trial court found probable cause did not exist to perform a warrantless search of the hood compartment of defendant's vehicle.

The State appeals the trial court's ruling and presents two issues for review:  (1) whether it is proper for a police officer to search the engine compartment of a vehicle without a search warrant as part of a search incident to arrest after the driver was lawfully arrested; and (2) whether probable cause existed to search the engine compartment of the vehicle under the totality of the circumstances in this case.  We reverse.

II. ANALYSIS

Because we reverse the trial court's ruling on the issue of probable cause, we need not address whether the warrantless search was proper as a search incident to arrest.

The State contends the totality of the circumstances established probable cause to believe the vehicle contained contraband, thereby excusing Biswell from obtaining a search warrant to search the entire vehicle.  Specifically, the State argues the following observations by the police officer were sufficient to establish probable cause:  defendant's suspicious driving; the smell of alcohol inside the vehicle; defendant's lies about his name, age, and address; plastic bags inside the glove compartment; a suspected cannabis cigarette in the ashtray; defendant's admission that he uses drugs; defendant's possession of a large sum of money when he said he was unemployed; and a computer inquiry revealing defendant had several alias names and numerous criminal charges.  

Generally, when a trial court's ruling on a motion to suppress involves factual determinations or credibility assessments, the ruling will only be reversed if it is manifestly erroneous.  
People v. Buss
, 187 Ill. 2d 144, 204, 718 N.E.2d 1, 35 (1999).  However, absent factual or credibility issues, when the only issue is the application of the law to undisputed facts, our review is 
de
 
novo
.  
People v. Rockey
, 322 Ill. App. 3d 832, 836, 752 N.E.2d 576, 580 (2001).  In this case, the parties stipulated Officer Biswell's written report of the incident was an accurate representation of the facts.  At the hearing on the motion to suppress, the trial court heard no testimony.  Because the facts are not in dispute and credibility of witnesses is not an issue, our review is 
de
 
novo
.

A warrantless search of a vehicle is proper where police have probable cause to believe it contains contraband.  
People v. Smith
, 315 Ill. App. 3d 772, 776, 734 N.E.2d 1039, 1042 (2000).  To determine whether probable cause exists, we look to the totality of the circumstances known to the officer at the time.  
People v. Brannon
, 308 Ill. App. 3d 501, 504, 720 N.E.2d 348, 351 (1999).  The officer's factual knowledge, based on law- enforcement experience, is relevant.  
People v. Smith
, 95 Ill. 2d 412, 419-20, 447 N.E.2d 809, 812 (1983).  The existence of probable cause is a commonsense determination which hinges upon what a reasonable person would believe.  
People v. Lawrence
, 174 Ill. App. 3d 818, 822, 529 N.E.2d 63, 66 (1988).  

Initially, we note the trial court's finding that the "suspected" burnt cannabis cigarette was not "recovered, inventoried[,] or analyzed by the [Illinois] State Police" is irrelevant to a determination of whether probable cause existed to search the vehicle.  As mentioned above, we look to the totality of the circumstances as they existed 
at
 
the
 
time
 of the search.  Whether the Illinois State Police determined the cigarette did or did not contain cannabis 
after
 the search of the vehicle is irrelevant in this case.  Therefore, we reject defendant's argument insofar as it relies on the fact the suspected cannabis cigarette was never recovered or analyzed to determine its contents.

Defendant argues the facts available were insufficient to support a finding of probable cause for Biswell to reasonably believe defendant was transporting contraband.  Defendant points to each fact separately and offers innocent explanations.  For example, defendant argues his misrepresentations about his name, date of birth, and address reflected his desire to avoid arrest for driving on a revoked license and were, therefore, insufficient to support a finding of probable cause.  Defendant also argues there are countless uses for plastic sandwich bags, including safe storage for spare change and the transportation of goldfish.  Defendant further argues his explanation for carrying over $1,400 in cash in his pocket (he stated he received it in a settlement from a car crash) was completely logical given the fact he was driving a recently purchased vehicle.  

We agree with defendant none of these facts, when considered independently, amount to probable cause.  However, we must consider the 
totality
 of the circumstances known to the officer at the time.  We conclude the totality of the circumstances in this case is sufficient to establish probable cause.  We note the trial court's written order granting defendant's motion to suppress summarizes the facts of the incident.  However, the order does 
not
 mention the most incriminating fact in this case:  defendant's admitted drug usage.  Defendant's admission is a link that turns otherwise innocuous facts into highly suspicious facts which, given the totality of the circumstances, support a finding of probable cause.  

It is undisputed defendant admitted to Biswell, as a plastic bag fell from his pants pocket, that the bag was empty but he sometimes smoked marijuana.  Defendant's comment was unsolicited, and it established defendant was involved in drugs 
and
 he knew plastic bags were used as storage containers for drugs.  Defendant also acknowledged the bags were associated with the sale of drugs after Biswell asked him if he "sold it all."  Defendant's reply, "Oh, you mean the baggies [
sic
]," clearly shows his knowledge of a connection between the bags and drugs.

In light of defendant's admission, when Biswell saw the box of plastic sandwich bags in the glove box of defendant's vehicle, it was reasonable for him to believe the bags were likely drug paraphernalia related to the storage and transportation of drugs rather than plastic bags used for the transportation of goldfish.  Likewise, when Biswell saw a "suspected" burnt cannabis cigarette in the ashtray, it was reasonable for him to believe the cigarette contained cannabis and not tobacco.  Defendant's admission, when coupled with the presence of a suspected cannabis cigarette and a box of plastic bags, would lead a reasonable person to believe defendant's vehicle contained additional contraband.

In addition to defendant's admitted drug usage and the presence of a suspected burnt cannabis cigarette and drug paraphernalia, other facts also support a finding of probable cause.  Defendant's actions in lying about his identity, date of birth, and address, while not necessarily indicative of illegal drug activity, raised Biswell's suspicions and served to strengthen his belief defendant was involved in some illegal activity.  See, 
e.g.
, 
People v. Hardaway
, 307 Ill. App. 3d 592, 604, 718 N.E.2d 682, 692 (1999) (false or inconsistent statements increase the strength of probable cause to arrest).  Defendant's possession of a large sum of money while admittedly being unemployed also strengthened Biswell's belief defendant was not only involved in illegal activity, but illegal 
drug
 activity.  See 
People v. Chapple
, 291 Ill. App. 3d 574, 582, 683 N.E.2d 1001, 1007 (1997) (factors supportive of an inference of intent to deliver include the possession of a large amount of cash). 

While no case law is factually similar to the present case, we conclude our finding is consistent with other cases where facts were sufficient to support a finding of probable cause.  See, 
e.g.
, 
People v. Hilt
, 298 Ill. App. 3d 121, 126, 698 N.E.2d 233, 236 (1998) (presence of a single, empty, torn and knotted bag provided officer with probable cause to search entire vehicle because officer had knowledge of drug packaging and knew area was known for drug dealing); 
Smith
, 95 Ill. 2d at 420, 447 N.E.2d at 812 (presence of a "one-hitter box" and hypodermic syringe gave officer probable cause to search entire vehicle).  

We note defendant argues Biswell's identification of a "suspected" burnt cannabis cigarette was unreliable because Biswell did not testify at the suppression hearing and no evidence in the record shows he had sufficient knowledge to identify a cannabis cigarette as opposed to a hand-rolled tobacco cigarette.  Therefore, defendant suggests Biswell's belief the burnt cigarette contained cannabis cannot support a finding of probable cause.  

It is widely accepted an officer's factual knowledge based on law-enforcement experience 
is
 
relevant
 in a determination of whether the officer had probable cause to perform a search.  
Smith
, 95 Ill. 2d at 419-20, 447 N.E.2d at 812.  However, our research reveals no authority which states the absence of an officer's testimony regarding his law-enforcement experience is 
fatal
 to his determination of probable cause.  We believe an officer's experience is a relevant factor to consider along with the totality of the circumstances in each case.  

While Officer Biswell is a sergeant, the record does not specifically show his law-enforcement experience.  We conclude this omission is far outweighed by the strength of the other evidence supporting a finding of probable cause.  If the 
only
 fact supporting probable cause in this case was Biswell's observance of what he thought was a burnt cannabis cigarette, his training and law-enforcement experience would be 
highly
 relevant.  However, when we consider defendant's actions in providing false information to Biswell, his admission he smoked marijuana at the same instant a bag fell out of his pocket, the presence of a box of bags in the glove box, and the presence of a large sum of cash in defendant's pocket, the determination of whether a reasonable person would believe the vehicle contained further contraband becomes a commonsense decision and not a decision hinged on specialized training or knowledge.  

III. CONCLUSION

In sum, when the totality of the circumstances are considered, we find there was probable cause to justify Biswell's warrantless search of the engine compartment of defendant's vehicle.  Biswell did not expand the scope of his search beyond the passenger compartment until he became aware of sufficient facts to support a finding of probable cause to believe defendant's vehicle contained further contraband.  Accordingly, we find the trial court erred in granting defendant's motion to suppress, and we remand for proceedings not inconsistent with this disposition. 

Reversed and remanded.

STEIGMANN, J., concurs.

COOK, J., dissents.

JUSTICE COOK, dissenting:

A cynic might say that we defer to the trier of fact when the trier of fact rules in favor of the State, but when the trier of fact rules in favor of the defendant we consider the issue 
de
 
novo
.

When a motion to suppress evidence involves factual determinations 
or
 credibility assessments, we will reverse the trial court's ruling only if it is manifestly erroneous.  
People v. Anthony
, 198 Ill. 2d 194, 200-01, 761 N.E.2d 1188, 1191 (2001).  
De
 
novo
 review is only appropriate when 
neither
 the facts 
nor
 the credibility of witnesses is disputed.  
Anthony
, 198 Ill. 2d at 201, 761 N.E.2d at 1191.  Even when the facts are undisputed, where reasonable persons could draw divergent inferences from those facts, any question of fact should be resolved by the trier of fact.  
Jackson v. TLC Associates, Inc.
, 185 Ill. 2d 418, 424, 706 N.E.2d 460, 463 (1998); 
Rhodes v. Illinois Central Gulf R.R.
, 172 Ill. 2d 213, 241, 665 N.E.2d 1260, 1274 (1996).  The inquiry is whether only one conclusion may be drawn from the undisputed facts.  
Reynolds v. Decatur Memorial Hospital
, 277 Ill. App. 3d 80, 84, 660 N.E.2d 235, 238 (1996).

The parties in this case stipulated that Biswell would testify in accordance with his written report.  I do not understand the stipulation to be that everything that Biswell said in his report was accurate or that this case could be decided as a matter of law.  
Cf
. 
People v. Krueger
, 175 Ill. 2d 60, 63, 675 N.E.2d 604, 606 (1996) (parties stipulated to facts and asked court to rule as a matter of law).  A stipulation that Biswell would testify that he believed a cigarette to contain cannabis requires the court to assess Biswell's credibility.  There is a difference between stipulated facts and stipulated testimony.
 The majority weighs the evidence differently than did the trial court.  The majority agrees that none of the facts, considered independently, amount to probable cause, but "We conclude the totality of the circumstances in this case is sufficient to establish probable cause."  Slip op. at 7-8.  Unlike the trial court, the majority sees defendant's admitted drug usage as "the most incriminating fact in this case."  Slip op. at 8.  According to the majority, it was reasonable to believe the bags "were likely drug paraphernalia," the cigarette contained cannabis, and all this "would lead a reasonable person to believe defendant's vehicle contained additional contraband."  Slip op. at 8-9.  Although there was no testimony of Biswell's experience in identifying cannabis, and such testimony would be highly relevant, the majority tells us the trial court erred in considering its absence.  Slip op. at 10.  "We conclude this omission is far outweighed by the strength of the other evidence."  Slip op. at 10.  If there is evidence to be weighed, that evidence should be weighed by the trial court, not by this court on 
de
 
novo
 review.  

The majority faults the trial court's finding that the "'suspected' burnt cannabis cigarette was not 'recovered, inventoried[,] or analyzed by the [Illinois] State Police.'"  Slip op. at 7.  The majority concludes such evidence is irrelevant because we look to the circumstances as they existed at the time of the search.  Slip op. at 7.  It is true that a subsequent test showing the cigarette not to be cannabis would not necessarily be fatal to a showing of probable cause; what is important is what the officer reasonably believed the cigarette to be, not what it actually was.  What happened to the cigarette is certainly relevant, however.  If the cigarette contained cannabis, we would expect the Illinois State Police to retain it and test it in support of its theory of the case.  If the cigarette really did not look much like a cannabis cigarette, we might expect the Illinois State Police to discard it.  The trial court did not err in considering the disposition of the cigarette in weighing the credibility of Biswell's testimony.  

I cannot agree that we may employ 
de
 
novo
 review to overturn the decision of the trial court in this case.  The majority concerns itself with the weight of the evidence, not with some question of law.  I would affirm the decision of the trial court.