COMMONWEALTH *vs*. JOHN R. BISHOP.

Worcester.  February 1, 1988. — June 6, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Constitutional Law*, Search and seizure. *Search and Seizure*, Arrest, Motor
vehicle, Container.

Where, during an inventory search not conducted in accordance with stand-
ard police procedures, a zippered gym bag which had been found in the
open bed of a pickup truck driven by a defendant at the time of his
arrest was opened while under police control, art. 14 of the Massachusetts
Declaration of Rights required suppression of evidence of the contents
of the bag, as well as the defendant's reply, when asked if the bag was
his, "I have one like it." [451-452]
This court held that art. 14 of the Massachusetts Declaration of Rights re-
quires exclusion, at a criminal trial, of evidence seized during an inven-
tory search not conducted pursuant to standard police procedures, and
that such procedures must hereafter be in writing. [451]

INDICTMENTS found and returned in the Superior Court De-
partment on November 13, 1985.

A pretrial motion to suppress evidence was heard by *Robert
V. Mulkern*, J.

An application for an interlocutory appeal was allowed by
*Nolan*, J., in the Supreme Judicial Court for the county of
Suffolk, and the appeal was reported by him to the Appeals
Court. The Supreme Judicial Court transferred the case on its
own initiative.

*Claudia R. Sullivan*, Assistant District Attorney, for the
Commonwealth.

*James J. Gribouski* for the defendant.

O'CONNOR, J. This is the Commonwealth's interlocutory
appeal from an order of a judge of the Superior Court suppres-
sing evidence. We transferred the case to this court on our
own motion. We affirm the order.

We summarize the motion judge's findings. On September 1, 1985, State Trooper Thomas Creighton observed a pickup truck, operated by the defendant, heading east on Route 290 in Worcester in excess of the speed limit. Creighton pursued and stopped the truck. After giving the defendant field sobriety tests, Creighton arrested him and charged him with operating a motor vehicle while under the influence of alcohol.

Creighton radioed the Holden State police barracks, informed a dispatcher of the arrest, and requested a tow truck to remove the defendant's truck. In response to the dispatcher's call, Herbert Publicover, who was employed by the Jenkins Shell service station, arrived at the scene of the arrest and towed the vehicle to the station. At the station, Publicover discovered a wallet bulging with money in the cab of the truck. He turned it over to the station's owner, Charles Jenkins, who called the Holden barracks. Trooper Dennis Mahoney was sent to the station, and Mahoney, Jenkins, and Publicover searched the truck. Two bankbooks and additional cash were found in the cab.

At Mahoney's direction, Publicover searched the open truck bed, and found a closed, zippered gym bag. With Mahoney next to him, Publicover unzipped the bag and removed its contents. Among other things, the bag contained additional cash wrapped in individual cellophane packets, and a white substance in a clear plastic bag. Upon Mahoney's return to the Holden barracks, Creighton asked the defendant if the gym bag was his, and the defendant replied, "I have one like it."

The defendant was indicted for driving while under the influence of alcohol, speeding, possession of cocaine with intent to distribute, and trafficking in cocaine. He moved to suppress all materials found in the gym bag, as well as the money taken from the wallet found in the cab of the truck. He also moved to suppress any statements made to the police on September 1, 1985. The judge suppressed evidence of the gym bag contents and of the defendant's statement, "I have one like it." He otherwise denied the motion. The Commonwealth appealed, but the defendant did not.

The Commonwealth argues that the search of the gym bag was a lawful inventory search. We do not agree. The judge permissibly found that the search was not authorized by any established police policy. Although there was a written State police policy regulating motor vehicle inventory searches, that policy was silent with respect to whether and under what circumstances closed containers should be opened and the contents inventoried. Thus, the written policy does not instruct the officer conducting the search with respect to whether he should inventory the container as one item or should open it and record the contents as separate items.

We have recognized that the existence of standard police procedures is important in determining the lawfulness of an inventory search. *Commonwealth* v. *Wilson*, 389 Mass. 115, 117 (1983). *Commonwealth* v. *Hason*, 387 Mass. 169, 178 (1982). *Commonwealth* v. *Matchett*, 386 Mass. 492, 510 (1982). In *Commonwealth* v. *Ford*, 394 Mass. 421 (1985), a police officer found a firearm in plain view when he opened the trunk of the defendant's vehicle to place valuables in it for safekeeping. *Id.* at 422. We held that "art. 14 of the Declaration of Rights requires the exclusion of evidence seized during [such] a storage search not conducted pursuant to standard police procedures." *Id.* at 426. Consistent with the rules we announced in *Ford* relative to storage searches, we now hold that art. 14 of the Declaration of Rights requires the exclusion of evidence seized during an inventory search not conducted pursuant to standard police procedures, which procedures, from now on, must be in writing.[1] Our requirement of standard procedures for inventory searches to satisfy the State Constitution parallels the United States Supreme Court's similar requirement under the Federal Constitution. See *Colorado* v. *Bertine*, 479 U.S. 367, 374 n.6 (1987); *id.* at 376-377 (Blackmun, J.,

---

[1] We leave to another day the further question whether an inventory search of a closed container that is conducted pursuant to written standard procedures satisfies art. 14. See *Commonwealth* v. *Ford, supra* at 427 ("We do not decide, however, or imply that, if a storage search is conducted pursuant to standard police procedures, evidence seized in the search will be admissible").

concurring); *id.* at 377-381 (Marshall, J., dissenting). Thus, we conclude that in this case the judge properly suppressed evidence of the contents of the gym bag. Furthermore, the judge properly suppressed the defendant's statement concerning the gym bag. The statement was the fruit of the unlawful search of the bag. The Commonwealth does not argue that the statement was not the fruit of the search, but contends only that the search was lawful. We affirm the suppression order, and remand this case to the Superior Court for further proceedings.

*So ordered.*