THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
ARTHUR BINDER, Defendant-Appellee.

Fourth District    No. 4—88—0537

Opinion filed March 17, 1989.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Asher O. Geisler, of Geisler, Waks & Geisler, of Decatur, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

On April 29, 1988, defendant Arthur Binder was charged by information with illegal consumption of alcohol by a minor (Ill. Rev. Stat. 1987, ch. 43, par. 134a), illegal possession of alcohol by a minor (Ill. Rev. Stat. 1987, ch. 43, par. 134a), and theft (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1)). He filed a motion to suppress evidence June 10, 1988. The circuit court of Macon County granted the motion

to suppress September 16, 1988. The State filed an appropriate certificate of impairment and this appeal.

At issue is the validity of a search conducted of the trunk of defendant's vehicle shortly after his arrest on April 24, 1988. The State argues police had probable cause to search the trunk of the car, and alternatively, that the search was justifiable as an inventory search.

At the motion to suppress, defendant testified that at the time of his arrest, his car was properly parked in P.J.'s (an under-21 teen nightclub) parking lot. He did not consent to the search. He had no contract with the owner to leave the car there overnight. The State presented four witnesses. Officer John Anderson, a patrolman with the Macon County sheriff's department, was working as private security at P.J.'s on the date of the arrest. He testified he approached a small, mid-sized compact car, in which he observed a heavyset man in the driver's seat, and a younger female on the passenger's side. He looked in the car and noticed what appeared to be a 12-pack of beer. He determined the occupants were under 21. He stated defendant, who was not in the automobile, came out "to see where we were." On cross-examination, Anderson stated he saw beer on the floorboard and smelled beer in the car, and he never saw defendant inside the car. Anderson stated the vehicle was parked properly.

Working with Anderson at P.J.'s on the date of the arrest was Thomas L. Butts, Jr., an off-duty Decatur policeman who also worked private security. He testified he and Anderson approached a vehicle with two people in it. He noticed beer cans in the car. Defendant approached the security guards, handed Butts his driver's license, and stated the vehicle was his. Defendant was arrested, and the search subsequently occurred.

Butts stated he was familiar with police department policies on towing vehicles. He stated cars were towed after an arrest to secure vehicles, keep them from being vandalized, and to protect the police department from claims. Defendant's vehicle was parked in a parking lot accessible by the public at any hour.

On cross-examination, Butts testified the car was properly parked. Defendant approached the officers and identified himself. He was detained for a few minutes by Butts and other officers. Butts testified the car was not on P.J.'s parking lot, but was parked on nearby private property. Butts did not participate in the inventory search of defendant's car.

Officers Timothy Boulware and Dennis Tortorice of the Decatur police department were summoned to the scene. Boulware testified

when he arrived, he saw Anderson and Butts near a vehicle and observed three subjects in custody for illegal consumption of alcohol. Boulware talked to defendant and smelled alcohol on his breath. He determined defendant was 18 or 19 years old and was not in the company of his parents. Following defendant's arrest, the vehicle was towed and an inventory search was conducted.

On cross-examination, Boulware could not recall whether defendant was inside or outside the automobile, though he testified the other two minors were in the car. Boulware testified he made a written inventory of the contents of the vehicle. When questioned about the inventory form by defense counsel, he stated it was still at the police station, filed along with other reports regarding the incident. He subsequently testified the inventory was at police headquarters. Boulware testified the car was properly parked and not a hazard to traffic. He did not ask for permission to inventory or tow defendant's car. He stated it was the department's policy to tow the car. He denied his purpose in inventorying the car was to just look through the contents. He stated department policy required officers to perform an inventory of the entire vehicle, which is why officers opened the trunk of defendant's car. He stated it was not department policy to inventory cars that were properly parked and where the owner or driver of the car was not inside the car at the time of arrest. On redirect, he stated the officers towed the car pursuant to the department's policy that they tow every vehicle when the subject is arrested.

Officer Dennis Tortorice responded to the call along with Officer Boulware. He stated defendant's vehicle was towed to make sure it was secure and that nothing happened to it in the parking lot. He testified an inventory search occurred within 15 minutes after defendant was arrested, but prior to towing the automobile.

On redirect examination, Tortorice stated he would not have left the vehicle where it was parked under any circumstances. On re–cross-examination, Tortorice stated defendant was not arrested "out of" the vehicle, but that an officer always tows the vehicle after making an arrest out of a vehicle to make sure the vehicle is secured and no one has access to it. He stated he did not want to leave defendant's car in the parking lot with the number of people that were around it, and he wanted to make it secure. He did not recall if he asked defendant if defendant wished to leave the car in the lot. The trial judge rejected the State's contention the search of the trunk was based on probable cause. The judge stated since the offense was illegal consumption of alcohol, there was no reason to

search the trunk for any fruits of that offense. The judge also indicated a less intrusive alternative could have been utilized by the police, inasmuch as police could have called defendant's parents to get the car. The judge allowed defendant's motion to suppress. This appeal followed.

■ A trial court's ruling on a motion to suppress will not be set aside unless manifestly erroneous. *People v. Stewart* (1984), 105 Ill. 2d 22, 473 N.E.2d 840, *cert. denied* (1985), 471 U.S. 1131, 86 L. Ed. 2d 283, 105 S. Ct. 2666; *People v. Nogel* (1985), 137 Ill. App. 3d 392, 484 N.E.2d 516.

■ Police must obtain a search warrant prior to searching a motor vehicle, unless the circumstances fall within an exception to the warrant requirement. A search warrant need not be obtained if police have probable cause to believe the vehicle was used in or contains evidence of a crime. Once the police officers discovered a 12-pack of beer in the vehicle, it was reasonable under the circumstances here to believe the vehicle might contain additional alcoholic beverages in the passenger compartment or the trunk. (*People v. Lawrence* (1988), 174 Ill. App. 3d 818, 529 N.E.2d 63.) Given probable cause, the permissible scope of such a warrantless search was as broad as that which a magistrate could have legitimately authorized by warrant. Thus, the search may extend to every part of the vehicle, and its contents, that may conceal the object of the search. (*United States v. Ross* (1982), 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157; *People v. Clark* (1982), 92 Ill. 2d 96, 440 N.E.2d 869.) The permissible areas of search include the trunk of the vehicle. *Ross*, 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157; *People v. Carter* (1967), 38 Ill. 2d 496, 232 N.E.2d 692, *cert. denied* (1968), 391 U.S. 965, 20 L. Ed. 2d 877, 88 S. Ct. 2033; *People v. Beil* (1982), 110 Ill. App. 3d 291, 442 N.E.2d 291, *cert. denied* (1983), 464 U.S. 824, 78 L. Ed. 2d 100, 104 S. Ct. 93.

■ The evidence shows Anderson and Butts observed two persons who appeared to be minors in defendant's car. Upon approaching, they saw beer in the car. Defendant appeared, produced identification showing him to be a minor, and stated the car was his. Officer Boulware smelled alcohol on defendant's breath. The officers then had probable cause to believe illegal possession and consumption of alcohol by minors was taking place, and were justified in searching the entire car, including the trunk, for evidence of the crimes. The trial judge's conclusion police had no reason to search the trunk was contrary to the manifest weight of the evidence, and the motion to suppress should have been denied.

As our decision on the probable cause issue disposes of this case, we need not address the State's argument the search could be justified as an automobile inventory under *South Dakota v. Opperman* (1976), 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092. However, given the holding of the Supreme Court in *Colorado v. Bertine* (1987), 479 U.S. 367, 93 L. Ed. 2d 739, 107 S. Ct. 738, that officers executing inventory searches must do so according to standardized procedures, the State's evidence here hardly passes muster. While Officers Boulware and Tortorice testified towing was regularly employed as a means of securing a vehicle, Boulware stated twice on cross-examination it was not department policy to inventory properly parked cars when the owner or driver was not inside the car at the time of the arrest. Furthermore, although Boulware stated he performed the inventory search, he did not produce a copy of the inventory form or a written statement of policy regarding such matters.

The evidence raises the question whether defendant was arrested "out of" his automobile. The uncontradicted evidence shows defendant was not one of the two people Anderson and Butts observed in defendant's automobile, but that defendant appeared on the scene sometime later. Although we do not question the officers' motives here, producing a written directive detailing specific procedures would better reflect the type of standardized procedures which justify the inventory exception to the warrant requirement. See *Bertine*, 479 U.S. at 376-77, 93 L. Ed. 2d at 748-49, 107 S. Ct. at 744 (Blackmun, J., concurring).

For the above reasons, we reverse the decision of the circuit court of Macon County.

Reversed.

McCULLOUGH, P.J., and LUND, J., concur.