**STATE of Maine**

v.

**Timothy A. BICKFORD.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 2, 1990.
Decided Nov. 2, 1990.

Neale Adams, Dist. Atty., Caribou, for the State.

Richard Rhoda, Houlton, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

ROBERTS, Justice.

Timothy A. Bickford appeals from a judgment of the Superior Court (Aroostook County, *Pierson, J.*) affirming his conviction in the District Court (Houlton, *Griffths, J.*) for operating a motor vehicle with a suspended driver's license, 29 M.R. S.A. § 2184 (Supp.1989) and for possession of cocaine in violation of 17–A M.R.S.A.

§ 1107 (1983 & Supp.1989). Because we do not agree with Bickford's contention that the fourth amendment requires a police officer to offer an arrested driver an alternative to impoundment of an improperly parked vehicle, we affirm.

On February 12, 1989, at approximately 3:45 A.M. Timothy Bickford was stopped by the Houlton Police for failing to stop at a stop sign and for having an excessively loud exhaust system on his pickup truck. A license check showed that Bickford's license had been suspended and an officer accordingly arrested him for a violation of section 2184. At the time of Bickford's arrest, his truck was parked beside a public right of way in violation of a Houlton town ordinance and posed a potential hazard to the motoring public. Since Bickford was not licensed to drive and no one was with him at the time of his arrest, an officer on the scene summoned a tow truck to remove the vehicle. Bickford was not given an opportunity to make alternative arrangements for his vehicle's removal.

Pursuant to an unwritten policy of the Houlton Police Department, an officer searched Bickford's vehicle before the tow truck arrived to determine if it contained any weapons that could pose a threat of injury to persons coming in contact with it. As the officer was looking down onto the floor and under the seat, his hand pushed on the seat which opened up an existing split in the seat. Protruding from this area, the officer noticed a "cellophane, plastic type material" which he pulled out and examined. Inside, he observed what he believed to be marijuana and a pharmacist folded paper that contained a white powdery substance. A field test and later laboratory analysis identified the substance inside the baggie as marijuana and the white substance inside the pharmacist fold as cocaine.

Pursuant to M.R.Crim.P. 41A, Bickford moved to suppress the cocaine and marijuana as evidence obtained in violation of the fourth amendment. The court denied the motion. After he was convicted, Bickford appealed to the Superior Court, which affirmed. He then filed a timely appeal to this court.

The United States Supreme Court set forth the standard regarding administrative searches in *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1975). In that case the Court found that a standardized inventory of a lawfully impounded vehicle, even if characterized as a search for fourth amendment purposes, was constitutionally permissible if conducted for "community caretaking functions" and not as a "pretext concealing an investigatory police motive." *Id.* at 368–376, 96 S.Ct. at 3096–3101. These community caretaking functions include the type of function that the search of Bickford's vehicle was intended to carry out, namely protection of the public from any possible danger that the vehicle's contents might present. *Cady v. Dombrowski* 413 U.S. 433, 447, 93 S.Ct. 2523, 2531, 37 L.Ed.2d 706 (1972); *Opperman*, 428 U.S. at 374, 96 S.Ct. at 3099.

■ Bickford argues that the search of his vehicle was improper on the ground that the fourth amendment requires an officer to give an arrestee the opportunity to make reasonable arrangements for his vehicle. We disagree. In *Colorado v. Bertine*, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987), the United States Supreme Court was presented with a similar argument and rejected it, holding that while it would have been possible to give the arrestee the opportunity to make alternative arrangements for his vehicle, the fourth amendment did not require such steps. *Id.* at 374, 107 S.Ct. at 742.

*Bertine* also emphasizes that a full inventory search that includes the opening of packages must be conducted according to standardized criteria. 479 U.S. at 374 n. 6, 107 S.Ct. at 742 n. 6. Although the officers acted according to unwritten policies when they searched Bickford's vehicle, they nevertheless were guided by a standardized procedure that allowed them to search only for weapons or objects that might harm persons who came into contact with the vehicle. *Bertine* does not stand for the proposition that such cursory searches con-

ducted pursuant to impoundment require written criteria, as long as the searching officer's discretion is limited by a coherent policy designed to protect the police and the public.

■ The Supreme Court also has held that seizure of an object that might indicate unlawful activity is wholly proper if that object was in "plain view" and the observing officer believed that there was "a 'practical, nontechnical' probability" that the object contained contraband. *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1982), (quoting, *Brinegar v. United States*, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949)). In the instant case, the officer who found the baggie testified that it came into plain view during the course of his administrative search and he pulled it out because he understood "that to be the way drugs are packaged." The officer's understanding satisfies the "practical, nontechnical" standard set forth in *Brown*. His search of the baggie and its contents was therefore permissible even though it was beyond the original scope of his search.

Bickford also contends that his vehicle was impounded as a result of its being parked in violation of a Houlton town ordinance, a civil violation, and that such impoundment therefore was improper. Contrary to Bickford's assertion, his vehicle was impounded pursuant to his criminal arrest for driving with a suspended driver's license under section 2184. We therefore find no merit in his contention.

The entry is:

Judgment affirmed.

All concurring.