COMMONWEALTH *vs.* SCOTT D. DeVLAMINCK. No. 91-P-1248. June 18, 1992. *Constitutional Law*, Search and seizure. *Search and Seizure*, Arrest, Motor vehicle, Container.

The defendant appeals from his cocaine trafficking conviction making the sole contention that his motion to suppress evidence seized from his vehicle in the course of an inventory search should have been allowed.

According to the facts found by the motion judge, the defendant was stopped and arrested for drunk driving late at night by Officer Alan Maguire of the Newburyport police department. At the same time, a passenger in the defendant's vehicle was taken into protective custody. Officer Maguire called a private company to tow the defendant's vehicle. Before the tow truck arrived, Officer Maguire proceeded to conduct an inventory of the contents of the defendant's vehicle, listing them on a scrap of paper. He found a closed brown paper bag on the floor in front of the driver's seat. He opened the bag and found packets of cocaine. There were other closed containers under the seats and in jackets, but Officer Maguire did not list their contents. Officer Maguire took the paper bag and its contents with him to the police station and left all the other items locked in the trunk of the car, which was towed to a lot. When he arrived at the police station, Officer Maguire accurately recorded the inventory, transferring the information from the scrap of paper to a "Newburyport Police Department Motor Vehicle Inventory Form." He then threw away the scrap of paper.

---

Mass. at 155, without the further required instruction, the answer to the jury's question must have confounded them.

Newburyport had a written policy requiring a police officer to make an inventory of all the items in a motor vehicle whenever it had to be towed or impounded as a result of the arrest of the driver. According to the policy, the inventory "*must* be performed by either the investigating officer or his immediate supervisor as soon as is practical after the vehicle is in the possession of [the police] and before it is towed" (emphasis original). The policy lists the areas of the vehicle that should be searched, and it specifies that "all closed containers found in the vehicle that may contain personal effects of the arrestee or others shall be opened and inventoried." Whenever possible, items found in the car are to be locked in the trunk, except for contraband and other evidence of crime, which is to be held by the officer as evidence. Closed containers and their contents are to be "tagged and held for safekeeping" at the police station.

At the suppression hearing, the defendant presented evidence from six other individuals who, during the same period, had been drivers or passengers in cars that were stopped and later towed. Their testimony was to the effect that the officer at the scene may have inspected or searched the vehicle, but he was not observed with a checklist or clipboard while conducting the search. There was further evidence that inventory sheets were not on file with respect to all of those searches.

The motion judge issued a careful, detailed, and well-reasoned memorandum of decision and order. Denying the motion to suppress, she concluded that the cocaine was found in the course of a valid routine inventory search which was undertaken in pursuance of a mandatory policy and not as a matter of discretion or as a pretext for an investigatory search. See *Colorado* v. *Bertine*, 479 U.S. 367, 371-372 (1987); *Commonwealth* v. *Bishop*, 402 Mass. 449, 451 (1988). Compare *Commonwealth* v. *Sullo*, 26 Mass. App. Ct. 766, 772 (1989). We base our affirmance on the judge's reasoning.

In particular, very briefly, we agree with the motion judge that Officer Maguire did not depart from the requirements of the inventory policy by taking notes at the scene and, only later, filling out the inventory form at the police station. We also agree that suppression was not required because Officer Maguire may generally have failed to tag and keep for safekeeping closed containers and their contents not held as evidence. As the motion judge stated in her decision, "Whether a container once opened is then tagged and held for safekeeping has little relation to the issue of whether the opening and inspection of the item in the first instance was permissible." See *United States* v. *Trullo*, 790 F.2d 205, 206 (1st Cir. 1986). Finally, with respect to the argument that the Newburyport policy leaves a great deal to be desired as a means of achieving the recognized goals underlying inventory searches, "[w]e are hardly in a position to second-guess police departments as to what practical administrative method will best deter theft by and false claims against its employees and preserve the security of the stationhouse." *Illinois* v. *Lafayette*, 462 U.S. 640, 648 (1983).

*Judgment affirmed.*

*Stephen P. Colella* for the defendant.

*Robert J. Bender*, Assistant District Attorney, for the Commonwealth.