UNION BANK, Plaintiff-Appellee, v. BLACKSTONE SUNBURY-NEVADA GRAIN COMPANY, INC., Defendant (The Department of Agriculture, Bureau of Warehouses, Defendant-Appellant).

Fourth District   No. 4—92—0985

Argued October 19, 1993.—Opinion filed December 16, 1993.—
Rehearing denied February 10, 1994.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Daniel N. Malato, Assistant Attorney General (argued), of Chicago, of counsel), for appellant.

Richard J. Berry (argued) and Stephen C. Myers, both of Myers, Daugherity, Berry & O'Conor, Ltd., of Streator, for appellee.

Harvey B. Stephens, Emmet A. Fairfield, and Denise M. Druhot, all of Brown, Hay & Stephens, of Springfield, for *amicus curiae* Illinois Bankers Association.

Joseph M. Ambrose and Jeffrey C. Orr, both of Saint & Ambrose, P.C., of Bloomington, for *amicus curiae* Community Bankers Association.

JUSTICE STEIGMANN delivered the opinion of the court:

In December 1991, plaintiff, Union Bank (Bank), sued the Illinois Department of Agriculture, Bureau of Warehouses (Department), and the Blackstone Sunbury-Nevada Grain Company, Inc. (BSN), seeking declaratory and injunctive relief. After a bench trial, the court found in favor of the Bank. The Department appeals, and we reverse.

## I. BACKGROUND

In 1989 and 1990, the Bank loaned money to BSN to operate a grain elevator. When the Department discovered deficiencies in BSN's working capital, the Department suspended BSN's licenses. The Bank then advised the Department that it held a perfected security interest in several of BSN's accounts receivable, specifically grain drying and storage charges. At a hearing conducted by the Department, a departmental bureau chief asserted a superior statutory lien in BSN's "grain assets" under section 40.23 of the Civil Administrative Code of Illinois (Code) (Ill. Rev. Stat. 1991, ch. 127, par. 40.23). At a subsequent "meeting" held to resolve this dispute, the Department's representative again asserted a superior right to these "receivables" by virtue of the statutory lien and an intent to use the proceeds to either operate BSN's warehouse during its liquidation or pay potential claimants under the Illinois Grain Insurance Act (Ill. Rev. Stat. 1991, ch. 114, par. 701 *et seq.*).

Based on these events, the Bank filed suit. Following a hearing, the trial court agreed with the Bank, concluding that its perfected security interest in BSN's accounts receivable was superior to the Department's statutory lien. On appeal, the Department contends that the trial court erred in granting relief because the Bank failed to exhaust its administrative remedies, the suit was barred by sovereign immunity, and the court erred in interpreting section 40.23 of the Code. The parties agree that the issue of priority as between the Bank's perfected security interest and the Department's statutory lien is an issue of first impression in this State.

## II. ANALYSIS

■■ As a general rule, a party aggrieved by administrative action cannot seek review in the courts without first pursuing all administrative remedies available. (*Illinois Bell Telephone Co. v. Allphin* (1975),

60 Ill. 2d 350, 357-58, 326 N.E.2d 737, 741-42.) Courts recognize exceptions to this rule when (1) an ordinance or statute is challenged as unconstitutional in its entirety, (2) multiple remedies exist before the same administrative agency and at least one has been exhausted, or (3) irreparable harm will result from further pursuit of administrative remedies. *Illinois Bell*, 60 Ill. 2d at 358, 326 N.E.2d at 742.

The stipulated set of facts submitted to the trial court shows that following the Department's suspension of BSN's licenses and assumption of control of its grain operations, the Bank immediately notified the Department of its claimed priority in BSN's receivables and demanded that the Department honor that security interest. The Department then conducted a hearing "with respect to BSN's grain dealer's and warehouseman's license," and the parties attended a subsequent "meeting" at which a representative of the Department asserted a superior statutory lien by virtue of section 40.23 of the Code. Instead of initiating formal administrative proceedings before the Department to permit the Director to review the preliminary determination made by the bureau chief, the Bank filed this lawsuit.

The Illinois Administrative Code governs practices and procedures applicable to formal administrative proceedings conducted by the Department. (8 Ill. Adm. Code §§1.10 through 1.500 (1991).) Under these regulations, any person may petition the Director to take, or refrain from taking, any form of administrative action. (8 Ill. Adm. Code §1.20(a) (1991).) Once a person files a petition, the Director begins a formal administrative proceeding. A hearing is conducted at which the parties present evidence and argument. At the conclusion of the hearing the Director issues a decision. The rules further provide that any person affected by the Director's decision may request reconsideration and a stay of administrative action pending the outcome of the rehearing. (8 Ill. Adm. Code §§1.20 through 1.350 (1991).) In addition, the regulations permit a party to seek, as an alternative, a declaratory ruling and an advisory opinion from the Director with respect to the specific applicability of a statute, rule, regulation or order of the Department. 8 Ill. Adm. Code §§1.400 through 1.445 (1991).

■ As we indicated, the underlying controversy presents a question of first impression. The Bank, nevertheless, failed to request the Director to institute formal proceedings to consider this issue. Moreover, the Bank did not even see fit to name the Director as a party to the complaint filed in the trial court.

The doctrine of exhaustion of remedies has long been a basic principle of administrative law. Among other reasons for its existence, this doctrine allows full development of the facts before the agency,

provides the agency an opportunity to utilize its expertise, and may render judicial review unnecessary if the aggrieved party succeeds before the agency. (*Illinois Bell*, 60 Ill. 2d at 358, 326 N.E.2d at 742.) In this case, except for the informal decision of the bureau chief that the Department had priority in the disputed "receivables," the Department, through its Director, has not conducted a formal hearing on this question or even been asked to do so. In addition, the scant record before us contains no clear indication of what led the bureau chief to the conclusion he reached or why he interpreted the statute in the manner he did.

The Bank argues, and the Department concedes, that the Department did not raise the issue of exhaustion of remedies in the trial court. The Bank therefore claims the Department has waived this issue on appeal. The waiver rule, however, is an admonition to litigants, not a limitation upon the jurisdiction of a reviewing court. The responsibility of a reviewing court to achieve a just result and to maintain a sound and uniform body of precedent sometimes overrides the considerations of waiver. (*Hux v. Raben* (1967), 38 Ill. 2d 223, 224-25, 230 N.E.2d 831, 832.) We conclude that waiver ought not prohibit us in this case because the Department has not had an opportunity to develop a complete factual record and to apply its expertise in interpreting a statute it is charged with administering.

Although the Bank maintains that exhaustion of remedies is not required when a statute or administrative rule is attacked on its face or where the Department lacks jurisdiction to act, neither of those situations applies here. The Bank challenges the Department's interpretation and application of the statute, not the jurisdiction of the Department to act or the constitutionality of the statute on its face. As the Bank concedes, if the Department ultimately agrees with the interpretation the Bank wishes to place on the statute, the Bank would suffer no injury. The fact that a particular interpretation of a statute might theoretically lead to an unconstitutional result does not transform the issue into a facial challenge to the statute's constitutionality.

Likewise, the Bank's mere assertion that the Department, through its bureau chief, threatened to displace the Bank's allegedly superior secured interest does not establish that pursuing further administrative relief would be futile. Even though clear indications exist that an administrative agency might rule adversely, this fact alone will usually not suffice to abort the administrative process. (*Dock Club, Inc. v. Illinois Liquor Control Comm'n* (1980), 83 Ill. App. 3d 1034, 1037, 404 N.E.2d 1050, 1053.) The fact that the Bank made no

attempt to invoke the formal administrative proceedings readily available to it undercuts its claim of futility.

In view of our disposition, we need not pass upon the issues of whether sovereign immunity bars the suit or whether the Director was a necessary party to the trial court proceedings. We also express no opinion regarding the underlying merits of the claim.

### III. Conclusion

Because the Bank failed to exhaust its administrative remedies and failed to demonstrate any exception to that rule applies, we reverse the judgment of the circuit court of Livingston County.

Reversed.

COOK and GREEN, JJ., concur.