THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. AUDREY C. KRUEGER, Defendant-Appellee.

Fourth District   No. 4—94—0460

Argued November 9, 1994.—Opinion filed December 8, 1994.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Richard Norris (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Barry S. Pechter (argued), of Ettinger & Pechter, Ltd., of Palos Hills, for appellee.

JUSTICE LUND delivered the opinion of the court:

Defendant was charged with the unlawful possession of a controlled substance with intent to deliver, unlawful possession of a controlled substance, and unlawful possession of cannabis. (720 ILCS 570/401(a)(2)(A), 402(a)(2)(A), 550/4(b) (West 1992).) Defendant filed a motion to suppress all evidence of contraband found in the search of her vehicle. The circuit court granted the defendant's motion to suppress because of the failure of the Pontiac police department to have any standardized guidelines for inventory searches. On appeal, the State contends that (1) sufficient verbal guidelines for inventory searches did exist, (2) written evidence of police inventory procedures should not be required, and, alternatively, (3) the search was valid as a search incident to a lawful arrest. We affirm.

Officer Muir of the Pontiac police department observed the defendant driving a car westbound on Route 116. The hand motions and signals that the defendant made when she was attempting to make a right turn prompted Officer Muir to check her license plates. The license check revealed that the plates and the defendant's license were suspended. Officer Muir pulled the defendant over on Interstate 55 and informed her that he was going to place her under arrest for driving on a suspended license. The defendant was then placed in the backseat of Officer Muir's squad car. Officer Muir informed the defendant that her car would have to be towed and then searched the passenger area of the car in order to inventory its contents. During the search, he opened the glovebox and immediately observed a clear plastic bag containing a green leafy substance, which he believed to be marijuana, and a marijuana pipe.

Officer Muir then observed and opened two closed boxes of cigarettes in which he found cocaine. Officer Muir did not search the trunk of the car. There was no inventory list of property taken because Officer Muir did not find anything of value in the car.

At the suppression hearing, Officer Muir testified that the search was authorized by the standard police guidelines for the Pontiac police department which stipulate that officers should check for any

property of value or for anything that could be considered removable by unauthorized people. Officer Muir understood these guidelines to be written but could not recall reading or seeing the guidelines. He testified that the guidelines had been drafted by the new chief of police and that he had talked briefly about them. However, he did not know of specific guidelines regarding closed containers.

At the time of the hearing on the defendant's motion to suppress, Alvin G. Lindsey had been employed as the chief of the Pontiac police department for eight months. Chief Lindsey testified that at the time of the search there was no written policy regarding the inventory of vehicles in the Pontiac police department. Chief Lindsey testified that at the time of the hearing he was in the process of formulating a written policy for standard guidelines for the Pontiac police department. There was no evidence presented of any verbal policies regarding inventory searches.

On appeal, the State contends that the fourth district should reverse its decisions in *People v. Stack* (1993), 244 Ill. App. 3d 393, 613 N.E.2d 366, and *People v. Williamson* (1993), 241 Ill. App. 3d 574, 608 N.E.2d 943, because there is no Federal requirement that police procedures regarding inventory searches be in writing. In *Williamson*, this court refused to validate an inventory search absent written evidence of standard police policies. In *Stack*, this court correctly interpreted *Williamson* as binding on all inventory searches. We agree that Federal law does not require these procedures to be in writing. (*United States v. Skillern* (5th Cir. 1991), 947 F.2d 1268; *State v. Bickford* (Me. 1990), 582 A.2d 250; see *United States v. Frank* (3d Cir. 1988), 864 F.2d 992; *United States v. Ford* (4th Cir. 1993), 986 F.2d 57.) However, there is no evidence that this court based its decision on an improper assumption that Federal law requires written evidence. This court's decision in *Williamson* was influenced only by the suggestions of an earlier decision (*People v. Binder* (1989), 180 Ill. App. 3d 624, 536 N.E.2d 218), that written evidence of standardized police procedures would provide a stronger evidentiary basis for demonstrating the existence and scope of such procedures. *Williamson*, 241 Ill. App. 3d at 578, 608 N.E.2d at 946.

In addition, the lack of a Federal requirement of written procedures does not prevent this court from establishing such a requirement. State constitutional provisions and State status can impose protections beyond what is provided by Federal law. (See *United States v. Wanless* (9th Cir. 1989), 882 F.2d 1459, 1463.) In fact, it has been suggested that a requirement that these procedures be in writing would help police conform with Federal law. 3 W. LaFave, Search & Seizure § 7.4, at 32 n.61.4 (2d ed. Supp. 1995), noting

*Commonwealth v. Bishop* (1988), 402 Mass. 449, 451, 523 N.E.2d 779, 780 (interpreting State constitution as requiring that standard police inventory procedures be written).

The State has offered no evidence or argument that such a requirement will constitute any type of burden on police departments. In fact in this case, the Pontiac police department was in the process of developing written guidelines. In addition, the Illinois State Police have developed a written policy for inventory searches that has been helpful to the supreme court. *People v. Hundley* (1993), 156 Ill. 2d 135, 137, 619 N.E.2d 744, 745.

As this court noted in *Williamson*, the evidentiary difficulties associated with proving the existence of standardized procedures will be greatly alleviated by requiring written evidence of such procedures. We take this opportunity to confirm that written evidence of standardized police procedures, detailing when an inventory search of a vehicle is proper, is necessary for such searches to be valid.

In this case, it is undisputed that no written guidelines for inventory searches existed. Nonetheless, the trial court did not summarily dismiss the search because there were no *written* guidelines. Rather, the trial court went further and analyzed whether the search was done in accordance with any standardized procedures. Here there is little, if any, evidence that the Pontiac police department had a coherent policy regarding the inventory of vehicles. There is no evidence as to when, and under what situations, the police were to inventory a vehicle, nor is there any evidence as to the scope of the area to be searched. Officer Muir could only tell the court that the police were to check for items of value. Interestingly, he did not bother to search the trunk for items of value. In addition, the State did not question Chief Lindsey at all. This eliminated the possibility that substantial verbal guidelines existed within the Pontiac police department. Thus, the trial court was correct in finding that the Pontiac police department guidelines for inventory searches were not standardized.

The State argues, in the alternative, that the search of defendant's car was incident to and contemporaneous with her custodial arrest and therefore did not violate her fourth amendment rights. The State admits that this theory was not argued during the motion to suppress hearing, but requests that this court relax the waiver rule. The waiver rule applies to the State as well as the defendant. (*People v. O'Neal* (1984), 104 Ill. 2d 399, 407, 472 N.E.2d 441, 444.) Issues not raised in the trial court are generally considered waived on appeal. (*People v. Knight* (1979), 75 Ill. 2d 291, 300, 388 N.E.2d 414, 418.) The waiver rule has commonly been relaxed when a party

has not been given an opportunity to develop a complete factual record (*Union Bank v. Blackstone Sunbury-Nevada Grain Co.* (1993), 254 Ill. App. 3d 206, 209, 627 N.E.2d 385, 387), to correct serious or grave errors, in cases that are factually close, or cases where error threatens the fundamental fairness of the defendant's trial. (*People v. Hood* (1991), 210 Ill. App. 3d 743, 749, 569 N.E.2d 228, 232 (interpreting Illinois Supreme Court Rules 615(a) and 451(c) (134 Ill. 2d Rules 615(a), 451(c)).) The State has provided no sufficient reason or evidence why this court should relax the waiver rule in this case. To relax the waiver rule for this issue would be unfair to the defendant, who had no opportunity to present evidence to the trial court on this issue.

Affirmed.

KNECHT, P.J., and McCULLOUGH, J., concur.