THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GEORGE MUELLER, Defendant-Appellee.

Third District    No. 3—91—0285

Opinion filed October 31, 1991.

Edward Burmila, Jr., State's Attorney, of Joliet (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Schenk, Duffy, Quinn, McNamara, Phelan & Carey, of Joliet (Joseph R. Mazzone, of counsel), for appellee.

JUSTICE GORMAN delivered the opinion of the court:

The defendant, George Mueller, was charged with the offense of driving under the influence of alcohol (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(d)(3)). Following a hearing, the trial court granted defendant's motion to suppress evidence of his blood-alcohol content. The State appeals the suppression order.

The record shows that the defendant was involved in a serious car accident on May 28, 1989, in the early morning hours. The parties stipulated that, if called to testify, Dr. Farhana Hassan would testify that she was the emergency room physician on duty when the defendant arrived at the hospital around 5 a.m. Furthermore, she would state that she conducted a preliminary physical examination of defendant, declared him a trauma alert, and ordered a trauma profile to be prepared by the hospital laboratory. Finally, she would testify that she notified Dr. John William Bowden, the emergency surgeon, who arrived in 20 minutes and took charge of the defendant's treatment.

Dr. John William Bowden testified at the suppression hearing that he arrived at the hospital at 5:30 a.m. after having been called as a result of a trauma alert to treat defendant. Dr. Bowden stated that defendant had been seriously injured. Defendant had sustained multiple injuries, most notably facial bone fractures and numerous lacerations. Dr. Bowden testified that, although the injuries were life-threatening, defendant was alert, oriented, and cooperative. Dr. Bowden explained that pursuant to the trauma alert declared by Dr. Hassan, the hospital laboratory analyzed defendant's blood. When Dr. Bowden took over the case, he believed that the blood-alcohol level was phoned to the emergency room by the laboratory at 5:30 a.m., but he had no independent recollection whether he had directly received this information. The usual procedure in a trauma alert was to phone results immediately from the laboratory to the emergency room. Dr.

Bowden did not recall seeing a written copy of the blood-alcohol test. Moreover, he did not recall if a written report of the blood-alcohol analysis was ever placed in defendant's medical chart at the hospital, but this, too, would have been standard procedure. At some point during the several hours in which he was involved with treating defendant and during which he referred to his chart, Dr. Bowden said he became aware of defendant's blood-alcohol content, but did not remember exactly when that was. Dr. Bowden stated that the results of the blood-alcohol test were immaterial and inconsequential to his diagnosis and treatment of defendant's injuries.

Dr. Bowden recognized State's exhibit No. 1 as a copy of the medical laboratory report from the hospital laboratory. The report includes the results of the blood-alcohol test. Eventually, the report would have become part of the patient's chart, as per hospital procedure.

State's exhibit No. 1 indicated on its face that it was prepared on June 17, 1989, by the hospital laboratory. It is the only written record of the blood test.

Based on the foregoing evidence, the trial court granted defendant's motion to suppress his blood-alcohol test results.

On appeal, the State contends that the trial court erred in granting the defendant's motion to suppress. At issue is the construction of section 11—501.4(a) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.4(a)).

Section 11—501.4(a) of the Code provides the following:

"(a) Notwithstanding any other provision of law, the *written* results of blood alcohol tests conducted upon persons receiving medical treatment in a hospital emergency room are admissible in evidence as a business record exception to the hearsay rule only *** when each of the following criteria are met:

(1) the blood alcohol tests were ordered by a physician on duty at the hospital emergency room and were performed in the regular course of providing emergency medical treatment in order to assist the physician in diagnosis or treatment;

(2) the blood alcohol tests were performed by the hospital's own laboratory; and

(3) the *written* results of the blood alcohol tests were *received and considered* by the physician on duty at the hospital emergency room to assist that physician in diagnosis or treatment." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.4(a).

This court recently examined this provision in *People v. Reardon* (1991), 212 Ill. App. 3d 44, 570 N.E.2d 791. In *Reardon*, we affirmed the trial court's grant of defendant's motion to suppress blood-alcohol test results. There, the defendant's treating physicians had testified that they had not read the written blood-alcohol information contained in the test report. We concluded that this provision is clear and unambiguous and plainly provides that emergency room blood-alcohol test results are admissible in evidence only when the "written" results were received and considered by the physician on duty in the hospital emergency room.

In the instant case, Dr. Bowden testified that he did not read the blood-alcohol report contained in State's exhibit No. 1. Indeed, this written report was not even prepared until approximately three weeks after the blood-alcohol analysis was performed. Moreover, Dr. Bowden testified that, although at some point he became aware of defendant's blood-alcohol content, the result of the blood-alcohol test was immaterial and inconsequential to the diagnosis and treatment of his patient's injuries. Thus, not only was the blood-alcohol test not in *written* form at the time of treatment and diagnosis, but also it was not *considered* by the physician on duty to assist him in treating or diagnosing defendant.

On review, a trial court's determination regarding a motion to suppress will not be disturbed unless it was clearly erroneous. (*People v. Clark* (1982), 92 Ill. 2d 96, 440 N.E.2d 869.) Under these circumstances, we hold that the trial court's determination was not clearly erroneous.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

SLATER and HAASE, JJ., concur.