THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. AURELIANO OCON, Defendant-Appellant.

Second District   No. 2—89—1173

Opinion filed November 12, 1991.

312

G. Joseph Weller, Robert C. Cooper, and Beth Katz, all of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NICKELS delivered the opinion of the court:

After denial of defendant's, Aureliano Ocon's, motion to suppress evidence that had been obtained during an inventory search of the trunk of defendant's car, defendant pleaded guilty to possession with intent to deliver a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2)) and was sentenced to four years' imprisonment. Defendant appeals, asserting that the trial court's finding that the challenged evidence resulted from a lawful inventory of the contents of the trunk of defendant's impounded car was against the manifest weight of the evidence because such inventory was merely a retrospective pretext for an unconstitutional investigatory search.

In the early morning hours of January 26, 1989, Officer Alan Trotsky of the Naperville police department and another officer stopped defendant, who was driving a 1978 Oldsmobile, because the registration displayed on the Oldsmobile was that of a 1987 Honda. Two passengers

accompanied defendant. Upon initially stopping defendant's car, Officer Trotsky observed a "furtive movement in the vehicle." More specifically, the officer saw a "bending down motion, as if someone was tucking something under a seat or grabbing for something underneath the seat." The officer, therefore, searched the interior of the car for weapons after all of the occupants left the car, a search that defendant does not challenge.

Because defendant did not have a valid driver's license, he was placed under arrest for operating a car without a license. Defendant's subsequent custodial search resulted in the seizure of $622 from his pants pocket. One of defendant's passengers also had no valid driver's license. The third occupant of the car had a driver's license, but because he failed to give the officer his correct name, the officer believed that he, too, did not possess a driver's license.

Because none of the occupants could legally drive the car, Naperville police procedures required that it be towed to a police impound. Such procedures further required that an inventory be taken before the car was moved. Without asking defendant's permission, the police removed the keys from the car and opened the trunk, where 6.18 grams of a substance containing cocaine were found. The police procedures further required that both a tow request and an inventory report be completed, and Officer Trotsky initially testified that he believed he had completed such forms.

Defendant moved to suppress the evidence of the cocaine taken from the trunk of his car, asserting that the inventory was merely a pretext for an investigatory search and that Officer Trotsky's statement in his written report that "[d]ue to the furtive movement in the vehicle and the occupants all not having valid driver's licenses, an inventory search of the vehicle was conducted prior to the tow" indicated such pretext. However, the officer repeatedly denied that the "furtive movement" prompted the search of the trunk. The officer testified that "[t]he furtive movement within the main container of the vehicle had no purpose for me going into the trunk looking for weapons." The court denied defendant's motion to suppress the evidence, finding that the failure of any of the occupants to possess a driver's license, which was the second half of the reason given in the officer's written statement, prompted the tow, which had in turn prompted the inventory.

Defendant sought production of both the written police procedures for the towing and inventory of impounded cars and the actual inventory and tow reports relating to defendant's auto and, further, moved for reconsideration of the denial of his motion to suppress. Although the State produced the police procedures, it was unable to produce either

the inventory or tow report. On the representations of the assistant State's Attorney, the second police officer, who was not a street officer familiar with the inventory procedures, actually conducted the inventory of the trunk and failed to complete the form. On reconsideration after reviewing the transcript of the officer's testimony, a second court commented that "there may have been a dual purpose in looking in the trunk, but that doesn't make it an invalid inventory search." The court found that "the vehicle had to be towed, and *** according to their regulations they had to search the vehicle."

Defendant appeals, asserting that the court's finding that the search was a lawful inventory search was against the manifest weight of the evidence. Specifically, defendant asserts that the statement in the officer's written report that the search was prompted in part by the furtive movement in the car combined with the failure to comply with the requirements of the police department's standardized procedure and complete an inventory or tow report indicate the officer's subjective motivation to investigate rather than inventory the contents of the car. We note that defendant does *not* challenge the officers' stop of his car or his arrest, or even the towing of his car. Rather, defendant asserts that an otherwise valid inventory search is rendered invalid by the presence of an officer's subjective improper motivation. We disagree.

On a motion to suppress, the defendant has the burden to prove that the search and seizure of evidence were unlawful. (Ill. Rev. Stat. 1987, ch. 38, par. 114—12(b); *People v. Hoskins* (1984), 101 Ill. 2d 209; *People v. Braasch* (1984), 122 Ill. App. 3d 747, 751.) A trial court's determination on such motion will not be reversed unless it is found to have been clearly erroneous. (*People v. Clark* (1982), 92 Ill. 2d 96, 99.) Because defendant does not challenge the officer's testimony, we need only determine whether, as a matter of law, the officer's dual motive for the inventory search of defendant's trunk satisfies the fourth amendment's requirements of reasonableness. See *Clark*, 92 Ill. 2d at 99.

■■ ■ The inventory of the contents of cars taken into police custody fulfills the community caretaking function of the police. (*South Dakota v. Opperman* (1976), 428 U.S. 364, 369, 49 L. Ed. 2d 1000, 1005, 96 S. Ct. 3092, 3097.) Thus, inventory searches are a well-established exception to the warrant requirements of the fourth amendment. (*Colorado v. Bertine* (1987), 479 U.S. 367, 371, 93 L. Ed. 2d 739, 745, 107 S. Ct. 738, 740-41.) Probable cause, which is peculiar to criminal investigations, is unrelated and of no help in the reasonableness analysis required under the fourth amendment for routine administrative caretaking functions such as inventory searches. (*Bertine*, 479 U.S. at 371, 93 L. Ed. 2d at 745, 107 S. Ct. at 740-41.) Rather, the reasonableness of such proce-

dures arises from three legitimate objectives of inventory searches: to ascertain the extent and value of property needing protection while in police custody; to protect the police against claims or disputes over lost or stolen property; and to protect the police from potential danger emanating from items of personal property such as drugs or guns that may be found within a car. *Opperman*, 428 U.S. at 369, 49 L. Ed. 2d at 1005, 96 S. Ct. at 3097; *People v. Clark* (1976), 65 Ill. 2d 169, 174.

■ Inventory searches conducted in accordance with standardized procedures, which tend to ensure that the intrusion is limited in scope to only the extent necessary to carry out the caretaking function of the police, are reasonable for purposes of the fourth amendment. (*Opperman*, 428 U.S. at 374-76, 49 L. Ed. 2d at 1008-09, 96 S. Ct. at 3099-3100.) It is the standardized nature of an inventory search, which limits an officer's discretion to determine the scope of the search, that ensures that the inventory search will not be purposefully used as an investigatory tool. *Bertine*, 479 U.S. at 376-77, 93 L. Ed. 2d at 748-49, 107 S. Ct. at 743-44 (Blackmun, J., concurring).

In this instance because of the inability of any of the occupants to legally drive defendant's car, police procedures dictated that it be towed to an impound lot. Further, prior to such tow, the same procedures required that the contents of defendant's car be inventoried. Thus, absent improper motive, defendant concedes that the inventory search was reasonable. Defendant, however, asserts that the officers' possible *dual* motivation invalidates the *otherwise lawful inventory*.

The Court has not had occasion to address the issue of the effect of an officer's subjective improper motive on the validity of an objectively reasonable inventory search. However, the logic and reasoning of the Court in refusing to impose a "less intrusive means" analysis on officers in the course of their daily duties, which instead adopted the objective criteria of standard police procedures to determine the reasonableness of an inventory search, is equally applicable in this instance.

■ In *Illinois v. Lafayette* (1983), 462 U.S. 640, 647, 77 L. Ed. 2d 65, 72, 103 S. Ct. 2605, 2610, the Court expressly rejected the "less intrusive means" logic, which prior to that decision was the law in Illinois. (See *People v. Bayles* (1980), 82 Ill. 2d 128, 142-43.) The reasonableness of an inventory procedure does not depend on the lack of existence of less intrusive means because "it [is] unreasonable to expect police officers in the everyday course of business to make fine and subtle distinctions in deciding" whether an inventory search is necessary or whether less intrusive means will secure the objectives of such searches. (*Lafayette*, 462 U.S. at 648, 77 L. Ed. 2d at 72, 103 S. Ct. at 2610-11.) Rather, *standardized* police procedures for inventory searches by their

nature eliminate an officer's discretion to determine the scope of the search and similarly eliminate any effect of an improper subjective motive to use such inventory as an investigatory tool. *Bertine,* 479 U.S. at 376-77, 93 L. Ed. 2d at 748-49, 107 S. Ct. at 743-44 (Blackmun, J., concurring).

In the identical context of a motion to suppress evidence obtained in violation of a defendant's fourth amendment rights based on the analogous situation of an unreasonable stop, the trend is to determine whether the stop was *objectively* reasonable. (*People v. Perry* (1990), 204 Ill. App. 3d 782, 786; *People v. Guerrieri* (1990), 194 Ill. App. 3d 497, 501-02; *People v. Hattery* (1989), 183 Ill. App. 3d 785, 813-19; *People v. Anderson* (1988), 169 Ill. App. 3d 289, 294-98.) If objectively reasonable, such stop is not invalidated by either an officer's solely improper motivation or by dual motivation. *Perry,* 204 Ill. App. 3d at 786.

Defendant also asserts that the officers' conduct in failing to complete required forms evidences that the inventory was merely a pretext for an investigatory search. However, we need not address the officers' failure to complete the appropriate forms after the fact of the inventory, which does not affect the objective reasonableness of the police procedures themselves. See *Bertine,* 479 U.S. at 369, 93 L. Ed. 2d at 744, 107 S. Ct. at 740 ("slipshod" manner of inventory search did not affect reasonableness).

■ Each of the cases cited by defendant was decided prior to *Bertine,* and most even prior to *Lafayette.* Further, such cases were decided before the objective standard was adopted by the Illinois Appellate Court to evaluate the analogous reasonableness of a police stop. Thus, the officers' conduct in inventorying the contents of the trunk of defendant's car must be tested against an objectively reasonable standard. Because the officers' compliance with specific, standard police procedures was objectively reasonable, the trial court did not err in denying defendant's motion to suppress evidence.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

UNVERZAGT and McLAREN, JJ., concur.